# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

SCOTT BLEVINS and LISA BLEVINS,   )
                                   )
           Plaintiffs,      )
                                   )
           v.          )     Case No. 3:11-cv-093-PPS
TOWN OF MENTONE,         )
OFFICER JIM EADS, and       )
OFFICER TERRY ENGSTRAND,   )
                                   )
           Defendants.     )

## OPINION AND ORDER

Defendants Town of Mentone, Officer Jim Eads and Officer Terry Engstrand have filed a Motion in Limine[1] to preclude all testimony concerning the causation of any injuries suffered by Plaintiffs Scott and Lisa Blevins except insofar as that testimony is provided by a qualified medical expert. (DE 58 at 11-13.) Since the Blevinses failed to identify any such expert by the pre-trial deadline, this would have the practical effect of barring testimony concerning the causation of their purported injuries altogether.

The Blevinses respond by making two arguments. First, they argue that they should be permitted to testify about their firsthand knowledge about where and when their injuries arose – *i.e.*, where they were allegedly struck by the officers, and what symptoms followed from that. (DE 65 at 4-5.) I agree with that. To the extent Scott wants to testify (for example) that he was kicked in the abdomen and he suffered ongoing pain in that general area of his body for a period of time after the incident, then that isn't expert testimony by any stretch.

---

[1] With respect to the Officers' and the Town's other Motions in Limine, I'll rule on those from the bench. I wanted to put this Order in writing, however, because I wanted the parties to know exactly what my analysis will be at trial.

The Blevins also argue that their treating physicians "[s]imilarly" should be permitted to address "the issues of causation, without specifically offering an opinion as to causation." (*Id.*) I'm not quite sure what this means. How could a doctor testify about "issues" of causation without opining on that topic? In any event, I don't think that I have enough information to rule on this matter. That's for two separate reasons.

First, to the extent that the Blevinses seek to have treating physicians provide expert testimony concerning that treatment, Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure only requires experts who have been retained or specially employed *for the specific purpose of providing expert testimony* to submit an expert report. *See* Fed. R. Civ. Pro. 26(a)(2)(B). Testimony – even of an expert nature – regarding the Blevinses' treatment by their doctors appears to fall outside of the scope of that requirement. So no expert report is necessary.

But that doesn't mean that non-retained experts have *no* expert witness disclosure requirements. Indeed, Rule 26(a)(2)(C), which the Officers and the Town cite, was added in 2010 to address this precise situation. *See Coleman v. Am. Family Mut. Ins. Co.*, 274 F.R.D. 641, 645 (N.D. Ind. 2011) (noting that the Committee Notes to the 2010 amendments used physicians as an example of what sort of witness the rule was intended to encompass). It requires:

> Unless otherwise stipulated or ordered by the court, if the [expert] witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. Pro. 26(a)(2)(C). The problem that I run into is that I don't know what was

disclosed to the Officers or the Town (though the Officers and the Town say that the Blevinses didn't disclose any non-retained experts). So I'll keep this Motion in Limine under advisement until trial. If the Officers and the Town wish to renew it, they should provide me with a copy of the Blevinses' disclosures. It should be plain on the face of that document whether the Blevinses complied with Rule 26(a)(2)(C)'s non-retained expert disclosure requirements. Conversely, if the Blevinses failed to comply with Rule 26(a)(2)(C)'s disclosure requirements, but they believe that there are mitigating circumstances (*e.g.*, they provided medical reports containing the information normally required by the rule), then they need to be able to explain those circumstances to me, and provide supporting documentation if applicable.

Second, even if the Blevinses did properly disclose their non-retained experts, there is still some question as to the permissible scope of those witnesses' testimony. A treating physician – if properly disclosed – may provide expert testimony about how he or she treated the patient in question, of course. But what about testimony that goes past that relationship?

This issue frequently arises in the causation context, and for good reason – sometimes while treating a patient, it's necessary for the doctor to know what caused the injury in question, and sometimes it's not. The Seventh Circuit has said whether or not a treating physician also should be considered to be retained to provide expert testimony regarding causation (thus implicating the disclosure requirements of Rule 26(a)(2)(B), specifically including filing an expert report) will depend on the precise contours of the treatment given in a particular case. *See Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734-35 (7th Cir. 2010). If it's one of those instances in which the subject came up during treatment, then the doctor won't be considered to be a retained expert on that issue. But if it's something that the medical professional was asked

to opine on outside of that treatment context, then he or she will be. *Id.*

On the present state of the record before me, I simply do not know whether the medical professionals identified as witnesses by the Blevinses discussed the question of causation during their treatment. So I'll hold off on ruling on the Motion in Limine for this reason as well. If the Blevinses want their doctor witnesses to offer expert testimony concerning what caused their alleged injuries, then they need to first elicit testimony showing me that this topic came up while they were receiving treatment. Otherwise, I'll be inclined to exclude that evidence.

### CONCLUSION

For the foregoing reasons, the Officers' and the Town's Motion in Limine asking me to exclude evidence concerning the causation of the Blevinses' purported injuries (DE 58 at 11-13) shall **REMAIN UNDER ADVISEMENT** as discussed above.

**SO ORDERED**.

ENTERED:    December 3, 2012.


s/ Philip P. Simon_____
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT